United States District Court
Southern District of Texas
FILED

MAR 3 1 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRUCE WAYNE MARTIN, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. C-00-053 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), Respondent, ("the Director"), through the Attorney General of Texas, and files this his Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 2241, 2254 but not subject matter jurisdiction, as addressed below.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by Petitioner, Bruce Wayne Martin, ("Martin"), except those supported by the record and those specifically admitted herein.

# III.

## STATEMENT OF THE CASE

Martin challenges the Director's custody of him pursuant to two judgments and sentences in the 94th Judicial District Court of Nueces County, Texas, in cause number 84-CR-212C, styled *The State of Texas v. Bruce Martin*. Fed. Writ Pet. at 2; *Ex parte Martin*, Application No. 16,769-06, at 32-34 (Count 1); 35-37 (Count 2). On March 1, 1984, Martin was indicted in a two count indictment for burglary of a habitation enhanced with a final felony conviction. *Id.* at 19. On May 20, 1985, Martin entered a plea of not guilty to the jury. *Id.* at 32 (Count 1); 35 (Count 2). On May 24, 1985, the jury returned a verdict of guilty to both counts of burglary of a habitation as charged in the indictment. *Id.* Martin elected to have the trial court set punishment and, finding the enhancement conviction to be true, punishment was assessed at fifty years imprisonment, with the sentences to run concurrently. *Id.* at 32-34 (Count 1); 35-37 (Count 2). Martin appealed his conviction and the Thirteenth Court of Appeals affirmed the judgment of the trial court. *Martin v. State*, 714 S.W.2d 356 (Tex. Ct. App.—Corpus Christi 1986, no pet.); *Ex parte Martin*, No. 16,769-06 at 40-44; Exhibit A.

On October 8, 1986, Martin filed his first state writ of habeas corpus challenging his convictions in cause number 84-CR-212C. *Ex parte Martin*, No. 16-769-01, at 2. On April 1, 1987, the Texas Court of Criminal Appeals denied Martin's application without written order. *Id.* at cover. On January 26, 1988, Martin filed his second application for state writ of habeas corpus in cause number 84-CR-212C. *Ex parte Martin*, No. 16-769-02 at 6. On November 2, 1988, the Texas Court of Criminal Appeals denied Martin's application without written order. *Id.* at cover. On September 14, 1994, Martin filed his third state writ of habeas corpus in cause number 84-CR-212C. *Ex parte Martin*, No. 16,769-03 at 2. On October 26, 1994, Martin's application was denied without written order. *Id.* at cover. On

2

August 6, 1998, Martin filed his fourth state writ of habeas corpus in cause number 84-CR-212-C. *Ex parte Martin*, No. 16,769-05, at 2. On December 9, 1998, the Texas Court of Criminal Appeals dismissed Martin's state writ of habeas corpus for abuse of the writ pursuant to Article 11.07 section 4 of the Texas Code of Criminal Procedure. *Id.* at cover. On October 14, 1999, Martin filed his fifth state writ state writ of habeas corpus in cause number 84-CR-212-C. *Ex parte Martin*, No. 16,769-06, at 2. On November 17, 1999, the Texas Court of Criminal Appeals dismissed Martin's state writ of habeas corpus for abuse of the writ pursuant to Article 11.07 section 4 of the Texas Code of Criminal Procedure. *Id.* at cover.

On May 19, 1997, Martin filed a state writ of habeas corpus challenging his conviction in cause number 82-CR-235-F. *Ex parte Martin*, No. 16,769-04, at 2. On August 27, 1997, the Texas Court of Criminal Appeals denied Martin's application without written order. *Id.* at cover.

The Director also has custody of Martin pursuant to a judgment and sentence in the 89th Judicial District Court of Wichita County Texas in cause number 29,753-C. Exhibit A with attached explanation. In that case, Martin, on May 14, 1993, was sentenced to eight years imprisonment after a pleading guilty to unauthorized use of a motor vehicle. Exhibit A.

Martin has litigated two previous petition for federal writ of habeas corpus challenging aspects of his two count burglary of a habitation convictions. *Martin v. Lynaugh*, No. C-87-101 (S.D. Tex.—Corpus Christi 1987); and, *Martin v. Johnson*, No. C-99-40 (S.D. Tex.—1999). In the first case, on October 27, 1987, the magistrate judge issued a Memorandum and Recommendation to deny Martin's federal writ of habeas corpus.

3

*Martin v. Lynaugh*, No. C-87-101 (S.D. Tex.—Corpus Christi 1987).[1] On February 29, 1988, the district court recommended that a certificate of probable cause in Martin's case not issue. *Martin v. McCotter*, No. C-87-101 (S.D. Tex.—Corpus Christi 1988). In Martin's second federal petition, on June 30, 1999, the magistrate judge recommended that Martin be given the opportunity to present his claims to the Fifth Circuit for permission to file a successive petition. *Martin v. Johnson*, No. C-99-40 (S.D. Tex.—1999), Docket Entry 16. On August 5, 1999, Martin's federal petition was dismissed without prejudice to allow him the opportunity to pursue his application in the Fifth Circuit. *Martin v. Johnson*, No. C-99-40 (S.D. Tex.— 1999), Docket Entries 19, 20. On August 17, 1999, the Fifth Circuit denied Martin's request to file a successive petition. *Martin v. Johnson*, No. 99-40821 (5th Cir.—1999).

Pending a resolution of the instant motion to dismiss, the Director does not intend to forward a copy of Martin's direct appeal record, unless the court so orders. However, the Director will forward a copy of Martin's state writs of habeas corpus, *Ex parte Martin*, Application Nos. 16,769 -01, -02, -03, -04, -05, and -06, and copies of the available records from his previous federal petitions.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Martin to allege the following grounds for relief:

1) his trial defense attorney was ineffective in that he: a) failed to complete an independent investigation; b) failed to properly prepare; c) failed to consult with Martin about the offenses; d) failed to file a motion to dismiss the indictment; e) failed to acquire witnesses favorable to the defense; f) failed

---

[1] The Director retrieved Martin's previous federal writ of habeas corpus file from archives. However, the district court's order and judgment were not included in the file. Furthermore, information regarding Martin's appeal other than the Certificate as to Probable Cause.

4

    to make any objections during the trial or the sentencing phase; and g) allowed Martin to testify while he was on medications;

2) he was denied effective assistance of his appellate counsel by failing to perfect a petition for discretionary review or a state writ of habeas corpus as agreed.

Fed. Writ Pet. at 5.

## V.

## EXHAUSTION/DEFAULT/LIMITATIONS

Subject to the court's decision on the Director's Motion for Summary Judgment, the Director specifically reserves the right to argue: a) whether Martin has sufficiently exhausted his state court remedies, as required by 28 U.S.C. §§ 2254(b), (c), on the allegations as construed above; b) whether any of the above allegations have been procedurally defaulted and thus barred from this court's merits review; and, c) whether his federal petition was filed within the limitations period set forth in 28 U.S.C. § 2244(d).

## VI.

## RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### A. Standard of Review.

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed in the state courts shows that the Director is entitled to judgment as a matter of law because the court does not have subject matter jurisdiction.

5

The instant petition was filed on February 10, 2000, and dated on February 3, 2000. Fed. Writ Pet. at 2, 7, respectively. Therefore, the petition is subject to review under the recent amendments to the habeas corpus statutes, the Antiterrorism and Effect Death Penalty Act of 1996, the "AEDPA." *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by a state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998); *United States v. DeLario*, 120 F.3d 580, 581 (5th Cir. 1997) (AEDPA applies to a petition filed by federal prisoner after April 24, 1996). As a result of the foregoing, the AEDPA's provisions regarding second or successive petitions apply. *Felker v. Turpin*, 518 U.S. 651, 116 S. Ct. 2333 (1996); *In re West*, 119 F.3d 295 (5th Cir. 1997); *In re Tolliver*, 97 F.3d 89 (5th Cir. 1996).

The AEDPA provides:

(b)(1) A claim presented in a second or successive application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b).

### B.  Motion for Summary Judgment.

As outlined above, Martin continues to unnecessarily burden the court's docket by outrightly ignoring the Fifth Circuit's August 17, 1999, Order denying his motion to file a successive federal petition challenging his convictions in cause number 84-CR-212C.[2] It is readily apparent that Martin ignores the orders of the court and continues to file frivolous claims that could have been raised in his first federal petition. Regardless, Martin must

---

[2] The two claims raised in his instant federal petition are identical to the claims raised in his state writ of habeas corpus. *Ex parte Martin*, No. 16,769-06, at 2-12. The Texas Court of Criminal Appeals dismissed these claims for abuse of the writ pursuant to Article 11.07 section 4 of the Texas Code of Criminal Procedure. *Id.* at cover.

receive permission from "a three-judge panel of the court of appeals" in order for the instant petition, his third, to be properly before this court. 28 U.S.C. §§ 2244(b)(3)(A)-(E)(2000). The Director's records do not reflect that Martin has received such permission or even informed the court of his previous federal petitions or that he has received permission to file the instant federal petition.

For the foregoing reasons, this court lacks jurisdiction to address the merits of this petition and the Director is entitled to judgment as a matter of law. Martin, once again must petition the Fifth Circuit for permission to file a successive petition.

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that this petition be dismissed without prejudice. Should the court determine that dismissal on the foregoing is inappropriate, the Director requests thirty days from the date of the denial of the instant motion for summary judgment to otherwise respond to Martin's allegations.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General
for Criminal Justice

*Lead Counsel

ROSS RAYBURN*
Assistant Attorney General
Chief, Habeas Corpus Division
State Bar No. 16615500
Southern District Bar No. 21575

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Bruce Wayne Martin, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support before the Court as soon as the business of the Court will permit.

/s/ Ross Rayburn
ROSS RAYBURN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Ross Rayburn, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 29th day of March, 2000, addressed to: Bruce Wayne Martin, TDCJ-ID# 399023, Connally Unit, HC67 Box 115, Kenedy, Texas 78119.

/s/ Ross Rayburn
ROSS RAYBURN
Assistant Attorney General

9

714 S.W.2d 356                                                                                         Page 1
(Cite as: 714 S.W.2d 356)

Bruce MARTIN, Appellant,
v.
The STATE of Texas, Appellee.

No. 13-85-243-CR.

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

Rehearing Denied Aug. 29, 1986.

Defendant was convicted in the 94th District Court, Nueces County, Rene Haas, J., of two counts of burglary of a habitation as a repeat felony offender, and he appealed. The Court of Appeals, Seerden, J., held that burden of proof of defendant's competency to stand trial did not shift from defendant to State at second competency hearing held after defendant's discharge from mental health facility based on superintendent's finding of competency, despite prior jury finding of incompetency.

Affirmed.

[1] CRIMINAL LAW ⚖1166(12)
110k1166(12)
Reversal of conviction on ground that burden of proof was improperly placed on defendant during second competency hearing held after superintendent of state hospital had determined that defendant, determined by jury to be incompetent, was mentally competent to stand trial and had released defendant to the court was mandated only if defendant showed error which was so egregious that he had not had a fair and impartial trial, where defendant's counsel stated in argument at second competency hearing that defendant had the burden of proof and did not object to the charge.

[2] CRIMINAL LAW ⚖625.15
110k625.15
Formerly 110k625
Burden of proof that defendant is incompetent to stand trial is on defendant at competency hearing. Vernon's Ann.Texas C.C.P. art. 46.02.

[3] CRIMINAL LAW ⚖625.15
110k625.15

Formerly 110k625
Discharge of defendant from mental health facility based on superintendent's finding of competency, after defendant had been committed to facility, based on jury finding that defendant was incompetent to stand trial but that there was a substantial probability that defendant would attain competency within the foreseeable future, terminated any presumption of legal incompetency that attached when defendant was committed, and thus, burden of proof of competency to stand trial did not shift from defendant to State for purposes of second competency hearing, disagreeing with statement in Villarreal v. State, 699 S.W.2d 364 (Tex.App.) that State has burden of proving competence if defendant has previously been found incompetent unless there has been no objection to the report. Vernon's Ann.Texas C.C.P. art. 46.02.

[4] CRIMINAL LAW ⚖656(9)
110k656(9)
Court's inquiry as to whether testimony offered by prosecutor was offered as rebuttal to defendant's testimony itself, which inquiry could be characterized as attempt to clarify prosecutor's lengthy response to court's inquiry as to what purpose objected-to testimony had been offered for, was not improper, despite defendant's claim that the question by the court was a comment on the weight of the evidence that prejudiced defendant.

[5] CRIMINAL LAW ⚖1035(8.1)
110k1035(8.1)
Formerly 110k1035(8)
Defendant, who did not object to allegedly improper question of court as to whether objected-to testimony was offered as rebuttal to defendant's testimony itself, or ask for instruction to disregard the court's question, but simply asked for a mistrial, had failed to properly preserve error.

*357 Robert Weathers, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

OPINION

SEERDEN, Justice.

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

A jury convicted appellant on two counts of burglary of a habitation, as a repeat felony offender, and the court assessed punishment at two concurrent terms of 50 years each in the Texas Department of Corrections. Before trial on the merits, a jury found appellant incompetent to stand trial, and also found a substantial probability that he would attain competency in the future. The court committed appellant to Rusk State Hospital. After a brief stay, the superintendent released appellant to the court, having determined that appellant was "now mentally competent" to stand trial. The court held a second competency hearing, and the jury found appellant competent. At trial, appellant's insanity defense failed. Appellant alleges error in the second competency hearing and at trial. We affirm the conviction.

[1] By his first ground of error, appellant alleges that the trial court erred by improperly placing the burden of proof on appellant during the second competency hearing. We note at the outset that defense counsel stated in argument at the hearing that appellant had the burden of proof, and did not object to the charge. Thus, a reversal is mandated only if he shows error which is so egregious that he has not had a fair and impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

[2] TEX.CODE CRIM.PROC.ANN. art. 46.02 (Vernon 1979) sets out procedures to be followed when competency to stand trial is an issue. Section 1(b) states, "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." Thus, the burden of proof is on the defendant at a competency hearing. White v. State, 591 S.W.2d 851, 854 (Tex.Crim.App.1979); Parker v. State, 667 S.W.2d 185, 187 (Tex.App.--Texarkana 1983, pet. ref'd), cert. denied, 469 U.S. 1085 105 S.Ct. 590, 83 L.Ed.2d 699 (1984). Section 4 sets out the procedures to be followed during the hearing. Under § 4(g), if a defendant is found incompetent to stand trial and it is determined that there is a substantial probability that he will attain competency to stand trial within the foreseeable future, the court shall proceed under § 5. Section 5 sets out procedures to be followed after a declaration of incompetence, including terms of commitment to a mental health facility.

Section 5(f)(1) requires the facility head to notify the court when he is of the opinion that the defendant has attained competency to stand trial. While there is no reference to the burden of proof at subsequent competency hearings, § 5(i) provides that when the head of a facility discharges a defendant, he shall make a report to the court. The court is authorized to make a determination based solely on the report if neither the defense or the prosecution requests a hearing. We find no indication in the statute that the burden of proof in any subsequent hearings is different from that in the initial hearing.

[3] We have examined Villarreal v. State, 699 S.W.2d 364 (Tex.App.--San Antonio 1985, no pet.), and disagree with the statement that if the defendant previously has been found incompetent, the State has the burden of proving competence unless there has been no objection to the report. *358 Id. at 366. That opinion cites Ex parte Tuttle, 445 S.W.2d 194 (Tex.Crim.App.1969), which refers to older cases which state that, after unvacated adjudications of insanity, the burden of proof on the issue of sanity at the time of trial is on the State.

Specifically, Tuttle cites Clark v. Beto, 359 F.2d 554 (5th Cir.1966) and Sharp v. Beto, 276 F.Supp. 871 (N.D.Tex.1967). In Clark, the defendant had been adjudicated insane in a civil proceeding, but, although he was released, the lunacy adjudication had not been vacated. In Sharp, the defendant had been committed to a State hospital, but the record did not include release papers. The cases held that an unvacated judgment of insanity gives rise to a presumption of continuing insanity, which in any subsequent criminal proceeding has the effect of shifting the burden on the issue of insanity to the State. See also McGee v. State, 155 Tex.Cr.R. 238 S.W.2d 707, 710-11 (1950) (Army discharge for insanity was not "adjudication," which required jury verdict).

In the case at bar, the jury merely found appellant incompetent to stand trial and further found a substantial probability that he would attain competency within the foreseeable future. This situation differs from those in the older cases previously cited. We find no statutory authority to shift the burden of proof to the State after a defendant has been committed and subsequently has been declared competent. Instead, we find that appellant's discharge from the mental health facility based on the superintendent's finding of competency

as authorized by statute terminated any presumption of legal incompetency that attached when he was committed. Thompson v. State, 612 S.W.2d 925, 929 (Tex.Crim.App.1981); Paul v. State, 544 S.W.2d 668, 671 (Tex.Crim.App.1976). We overrule ground one.

[4] By his second ground of error, appellant claims that during the trial, the court suggested a ground for introduction of evidence, and that this prejudiced appellant's defense and deprived him of a fair and impartial trial.

Our examination of the record reveals that, after defense counsel objected to certain testimony, the court asked the prosecutor for what purpose he would offer the testimony. After a lengthy reply by the prosecutor, the court asked, "Is this also all offered as rebuttal to Mr. Martin's testimony itself?" The prosecutor responded affirmatively, and defense counsel approached the bench and requested a mistrial "based upon the court suggesting to counsel a possible reason for referring to the incident and testimony." Appellant suggests on appeal that the question was a comment on the weight of the evidence. We find that the court's question could be properly characterized as an attempt to clarify the prosecutor's response, and was not improper.

[5] Moreover, appellant did not object to the allegedly improper question or ask for an instruction to disregard, but simply asked for a mistrial. Thus, appellant failed to properly preserve error. Brooks v. State, 642 S.W.2d 791, 798 (Tex.Crim.App.1982). We do not find that this question deprived appellant of a fair and impartial trial. Almanza at 1711 We overrule ground two.

We AFFIRM the conviction.

END OF DOCUMENT

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review filed in the name of **Bruce Wayne Martin.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 29th day of March, 2000, A.D.



Troy C. Bennett, Jr., Clerk

By: _____
Deputy Clerk

```
CSIMF800/INI801                    COMMITMENT INQUIRY              03/03/99 10:23:43
INMTCICS/JAP2247 /V201    TDCJ-   NO: 00399023 SIDNO: 02863503
 NAME: MARTIN,BRUCE                   APPL:       STATUS: A RE ML S3   #OFF: 03
 OLD TDC#: 00000000 CNTY CONV: 178                                         65TH
 OFF-REC:    2209 PRJ RL: 02-28-2007 REC:  06-09-1985 MAX-TERM:   50Y  0M  0D
 PEN-REC: 030.020 MAX-EX: 03-07-2037 BEGIN: 01-09-1984 PAR-ELIG: 09-13-1995

   OFFCD: 24110000 UNAUTH USE MTR VEHICLE                              72ND
    PENAL:031.070  MS:Y PLEA:G CAUSE:29,753-C       CNT:    OFF:04-06-1992
    CC  CNTY OFF:243  CNTY/CRT:243 089 MAX TERM:  8Y  0M  0D  BEG:11-16-1992
    MIN EXP:12-31-1997 MAX:11-16-2000 PAR ELIG:11-05-1993 SENTENCED:05-14-1993
    OFF TDCNO: 00399023                            CTO DATE 01-01-0001
   OFFCD: 22090000 BURG OF HABIT   CT 2                                65TH
    PENAL:030.020  MS:Y PLEA:N CAUSE:84CR-212C      CNT:02  OFF:10-21-1983
    CC  CNTY OFF:178  CNTY/CRT:178 094 MAX TERM: 50Y  0M  0D  BEG:01-09-1984
    MIN EXP:02-28-2007 MAX:03-07-2037 PAR ELIG:09-13-1995 SENTENCED:05-15-1985
    OFF TDCNO: 00399023                            CTO DATE 01-01-0001
   OFFCD: 22090000 BURG OF HABIT   CT 1                                65TH
    PENAL:030.020  MS:Y PLEA:N CAUSE:84CR-212C      CNT:01  OFF:10-21-1983
    CC  CNTY OFF:178  CNTY/CRT:178 094 MAX TERM: 50Y  0M  0D  BEG:01-09-1984
    MIN EXP:02-28-2007 MAX:03-07-2037 PAR ELIG:09-13-1995 SENTENCED:05-15-1985
    OFF TDCNO: 00399023                            CTO DATE 01-01-0001
 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
# COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Martin's conviction in cause number 29,753-C. However, the Director has obtained the Texas Department of Criminal Justice, Institutional Division ("the TDCJ-ID") computer generated commitment inquiry and the following explanations are provided:

a) "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offense for which Martin is incarcerated, as follows:

"24110000 UNAUTH USE MTR VEHICLE" - Unauthorized use of a motor vehicle.

b) "PENAL 031.070" - identifies the specific Texas penal code provision for unauthorized use of a motor vehicle.

c) "MS: Y" - indicates Martin is eligible for mandatory supervision for this conviction.

d) "PLEA: G" - reflects Martin pled guilty.

e) "CAUSE: 29,753-C" - identifies the Criminal District Court Cause Number for his conviction.

f) "CNTY OFF: 243" - 243 indicates the offense occurred in Wichita County, Texas, with 243 being the TDCJ-ID numeric designator for Wichita County.

g) "CNTY/CRT: 243 089" - identifies the county where the conviction occurred and the convicting judicial district court as Wichita County, Texas, in the 89th Judicial District Court.

h) "CC" - reflects that the sentence is running concurrently.

i) "MAX TERM: 8Y 0M 0D" - indicates the sentence assessed was eight years imprisonment.

j) "MAX 11-16-2000" - identifies the date Martin will discharge this conviction as November 16, 2000.

k) SENTENCED: 05-14-1993" - reflects Martin was sentenced on May 14, 1993.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *BRUCE WAYNE MARTIN,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-99-053 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

Be it remembered that on this day came to be considered Respondent Johnson's Motion for Summary Judgment, and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that said Motion be, and it is hereby GRANTED.

SIGNED on this the _____ day of _____, 2000.

_____
JUDGE PRESIDING