IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI, DIVISION

United States District Court
Southern District of T~
FILED
MAY - 1 2000
MICHAEL N. MILBY, CLERK

BRUCE MARTIN,
    Petitioner,

VS.                                C.A. NO. C00-53

GARY JOHNSON, DIRECTOR,
OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
    ~~DEFENDANT~~,
    RESPONDENT.

PETITIONER'S WRITTEN OBJECTIONS/ TO THE
RESPONDENT'S SUMMARY JUDGMENT FILED

TO THE HONORABLE JUDGE OF SAID COURT:

   NOW COMES Bruce Martin, Petitioner, in the foregoing Motion on Written Objections to the Respondent's Summary Judgment filed into and with this Honorable Court dated. March 29th, 2000.
   Petitioner will show the above court how his State and Federal constitutional rights were violated by the State Court and Appeal Court of Texas. Also will show how and why this court does have jurisdiction over Petitioner's Writ-Application pending in said court. Pursuant to U.S.C. 28 §§ 2254 and 2244 (b)(d). Subject matter:

OBJECTION NO. I

   The State Courts have allowed Petitioner's Writ-Application to proceed thur the appeals channel. If Petitioner is cited for Writ-Abuse then why were Petitioner's Writ-Application submitted from district-court, to Court of Criminal Appeals?. See. <u>Villegas V. Johnson</u> 184 F3d 467 (5th Cir. 1999) Texas places no absolute time or numerosity limit-ations on the filing of application for a Writ of Habeas Corpus after a conviction not involving the imposition of the death penalty, see. Tex. Crim. P. Code. Ann. Art. 11.07 (West Supp. 1999).

10.

CONTI. PG. I

Quoted. Texas could have placed greater restraints on the time or number of filings by prisoners such as, Villegas. See. eg art. 11.071 §§4 (establishing the time frame for filing a habeas-application in a death penalty case),but it did not so too, Texas could have enacted a statutory scheme precluding the filing of a successive petition without prior judicial authorization.

Petitioner contends, said writ-application pending in this court did not need(Notice of Appeal) granted, by Nueces County District-Court, to proceed into Federal Court. Because of the district court accepting Petitioner's writ-application and then forewarded said writ-application to with Texas Court of Criminal Appeals. See. Villegas V. Johnson 184 F3d 467 (5th Cir. 1999) with respect to comity concerns, we agree with the Third Circuit that "if a state-allows Petitioners' to file second or subsequent petitions for post-conviction relief, federal court should not undermine."

## OBJECTION NO. II

Petitioner Martin's forth state writ of habeas, filed August 6, 1998, under cause no.84-Cr-212-C, Appl. No.16,769-05, was improperly cited as writ-abuse, pursuant to article 11.07 sec.4, by the state courts, district court and criminal court of appeals. Dismissing Petitioner's writ-application. dated December 9, 1998. Texas Court of Criminal Appeals. Again, the state court's cited Writ Abuse on Petitioner's fourth writ- application under art. 11.07 sec.4 in cause no. 84-Cr-212C following, Petitioner's May 19, 1997, state writ-application filed by Petitioner under cause no. 82-Cr-235-F appl. 16,769-4, and was denied without a written order by, Texas Court of Criminal Appeals, August 27, 1997.

Petitioner contends  His May 19, 1997, writ-application filed in district court, should had never been used to cite Petitioner with writ-abuse, under 11.07 sec.4 ...Because the May 19, 1997, writ-application and the August 6, 1998 writ-application, were not under the same cause numbers, had two different convictions, from separate courtrooms, with separate dates on convictions. Petitioner was attacking a separate conviction,

CONTI. PG. II

May 19, 1997, writ-application filed by Petitioner in cause no. 82-Cr-235-F, court no. 214, in Nueces County, it differ from Petitioner's August 6, 1998, writ-application filed by Petitioner under cause no.84-Cr-212-C, court no.94th district court.

Petitioner Martin, contends, the writ-application filed by Petitioner August 6, 1998, in cause no.84-Cr-212-C, did not fall under the art. 11.07, sec.4, of Texas Code of Criminal Procedural rule, as writ-abuse, because Petitioner did not challenge the same conviction. Also, because Petitioner reiterates the two separate convictions in two separate courtrooms. Article 11.07 cited: as quoted. below:

Sec. A (1) "THE CURRENT CLAIM AND ISSUES HAVE NOT BEEN AND COULD NOT HAVE PRESENTED PREVIOUSLY IN AN ORIGINAL APPLICATION" PURSUANT ART.11.07, SEC.4.


OBJECTION NO. III

Petitioner Martin, contends, that writ-applications no.s 16,769-01,-02,-03,-04. Has nothing to do with the April 24,1996, AEDPA ACT. As stated in 28 USC § 2244 (d) (2) read "the time during which a properly file application for the state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. As a running habeas corpus. See. Lindh V. Murphy, 117 S.Ct.2059 (1997) Lindh case was pending before the AEDPA ACT. came in effect.


PAGE NO.THREE

## OBJECTION NO. IV
## PETITIONER'S CLAIMS WERE NEVER HEARD

(A) Petitioner Martin, writ-application No.16,769-05, filed August 6, 1998, in state court, and dismissed by Texas Court of Criminal Appeals as writ-abuse, sec4 cited art.11.07, dated December 9, 1998;
(B) and Petitioner's writ-application No.16,769-06, filed October 14, 1999, in state court, and dismissed by Texas Court of Criminal Appeals as writ-abuse. Again, sec.4, cited. art. 11.07, dated November 17, 1999 Neither of Petitioner's writ-applications were ever rule upon on its merits/claim. As dated above.

   Petitioner contends under the pre-AEDPA standards, state court finding are entitled to a pre-sumption of correctness unless, among other things the Petitioner demonstrates that the state courts failed to resolve the claim in the merits. See. <u>Livingston V. Johnson</u>, 107 F.3d 297, 302 (5th Cir. 1997.)Green argues that the state courts failed so to adjudicate his claims.
   I Petitioner argue that neither of the writ-applications filed under appeal numbers 16,769-05 and writ-application pending under 16,769-06, cause number 84-Cr-212C styled. The state courts never disposed of Petitioner's claims on the merits.
   Attorney for the state argue in their summary judgment before this court, that Petitioner's art.11.07 writ of habeas were frivolous state writs, as claim.
   Petitioner Martin, argue, how could the claims be frivolous if never dispose or if the merits were never examined. Their were never a hearing conducted on Petitioner's writ-applications filed August 6, 1998, in state courts under appl. No.16,769-05, and writ application filed, Octtober 14, 1999, in the same state court under appl. No.16,769-06, both dismissed by Texas Court of Criminal Appeals. Violating Petitioner's state and federal constitutional right. Which enable the state courts to properly resolve Petitioner claims on its merits before citing art. 11.07 sec.4.

PAGE NO. FOUR

CONTI. PG. IV

WHICH HAVE in both cases resulted in a fundamental miscarriage of justice, <u>Murray v. Carrier</u>, 497 U.S. 478,495, 106 S.Ct. 2639. See. <u>Coleman v. Thompson</u>, cite as 111 S.Ct. 2546 (1991). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the allege violation of law.

As stated, in Green's case , the resolution-on-the-merits prerequisit is a proxy for the quality of the legal of resolving a dispute; the court's treatment of the petitions must evince a "careful consideration of the constitution claim" and a thorough and meaningful substantive evaluation of the claims. As required under 28 U.S.C. §§ 2254 (b)(c) and 2244 (d)           *CONCLUSION*

## PRAYER FOR RELIEF

I Bruce Martin, Petitioner, prays in contend that the foregoing "Motion for Written Objections" be granted. And prays that this Honorable Court, after conducting a hearing, based on Petitioner's Written Objections, remand and reversed Petitioner's claim, back to state court for an evidentiary hearing to be conducted on the allegations alleged in Petitioner's Writ-Application pending. Before this court.

EXECUTED on 26 of April 2000.

SIGNED Bruce Martin NO. 399023.
ADD: Connally, Unit H.C.67, Box 115
Kenedy, Texas 78119

PAGE NO. FIVE

# CERTIFICATE OF SERVICE

I Petitioner, Bruce Martin, certify, that on this day 26 of April 2000, a True and Correct copy of Petitioner's Motion/Written Objections has been served upon the Respondent's Attorney Office.

EXECUTED on 26 of April 2000.

SIGNED Bruce Martin NO. 39903.

Connally Unit, H.C.67, Box 115
Kenedy, Texas. 78119

NOTED: Attorney General Office/Andy Taylor
P.O. Box. 12548, Austin, Texas. 78711/2548