United States District Court
Southern District of Texas
ENTERED
MAY 1 6 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BRUCE WAYNE MARTIN §
§
V. § C.A. NO. C-00-053
§
GARY L. JOHNSON, DIRECTOR §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION §

## MEMORANDUM AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Bruce Wayne Martin ("Martin") challenges his two 1985 convictions for burglary of a habitation, each enhanced with a prior felony conviction, and his fifty-year sentences on grounds of ineffective assistance of trial and appellate counsel (DE #1). Noting that the instant petition is Martin's third federal petition for habeas corpus relief, respondent moves to dismiss the petition on the grounds that it is successive such that Martin was required to obtain permission from the Fifth Circuit before filing it with the district court (DE #7). 28 U.S.C. § 2244(b)(3)(A). Martin has filed a response in opposition to respondent's motion for summary judgment (DE #10).

For the reasons stated herein, it is recommended that Martin's claim of ineffective assistance of trial counsel be dismissed with prejudice. It is recommended that his claim of ineffective assistance of appellate counsel be dismissed without prejudice to permit Martin to pursue his application in the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A).

# I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

# II. BACKGROUND FACTS AND PROCEEDINGS

By indictment filed March 1, 1984, Martin was charged with two counts of burglary of a habitation (Count 1, alleged to have occurred on or about October 21, 1983, and Count 2, alleged to have occurred on or about November 8, 1983), enhanced with a prior felony conviction for receiving stolen property. Ex parte Martin, Appl. No. 16,769-01[1] at 44. Martin pled not guilty to the charges in Cause No. 84-CR-212C, styled The State of Texas v. Bruce Martin, in the 94th Judicial District Court of Nueces County, Texas. Ex parte Martin, Appl. No. 16,769-01 at 45 (Count 1), at 48 (Count 2). On May 24, 1985, the jury returned a verdict of guilty on both counts of burglary of a habitation as charged in the indictment. Ex parte Martin, Appl. No. 16,769-01 at 45, 48. Martin elected to have the trial court set punishment and on May 29, 1985, the trial court found the enhancement paragraph to be true and, on each count, sentenced Martin to fifty years imprisonment in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), with his sentences to

---

[1] A copy of Ex parte Martin, Appl. No. 16,769-01, as well as his other five state habeas corpus applications, is filed at DE #11.

2

run concurrently.² <u>Ex parte Martin</u>, Appl. No. 16,769-01 at 45-47, 48-50.

Martin appealed his convictions and on June 12, 1986, the Thirteenth Court of Appeals affirmed. <u>Martin v. State</u>, 714 S.W.2d 356 (Tex. App.--Corpus Christi 1986, no pet).

Martin has filed five (5) state habeas corpus applications challenging his 1985 convictions for burglary of a habitation, <u>Ex parte Martin</u>, Appl. Nos. 16,769-01, 02, 03, 05, 06.³ The Texas Court of Criminal Appeals denied Appl. Nos. -01, -02 and -03 without written order, see <u>Ex parte Martin</u>, Appl. No. 16,769-01, -02, and -03 at covers, and dismissed Appl. Nos. -05 and -06 as abuses of the writ pursuant to Tex. Code. Crim. P. Ann. art. 11.07 § 4. See <u>Ex parte Martin</u>, Appl. Nos. 16,769-05, -06 at covers.

Martin has filed two previous federal habeas corpus petitions with this Court challenging his convictions for burglary of a habitation: <u>Martin v. Lynaugh</u>, Cause No. C-87-101 (S.D. Tex. 1987) and <u>Martin v. Johnson</u>, Cause No. C-99-40 (S.D. Tex. 1999). In his first federal petition, C-87-101, according to the memorandum and recommendation of the magistrate judge, Martin raised the following claims challenging his burglary of a habitation convictions:

---

²Martin is also in custody pursuant to a judgment and sentence for unauthorized use of a motor vehicle in Cause No. 29,753-C, in the 89th Judicial District Court, Wichita County, Texas. See RSJ Ex. B. Martin does not challenge that conviction in this proceeding.

³Martin filed one state habeas corpus application challenging his 1982 enhancement conviction for receiving stolen property. <u>Ex parte Martin</u>, Appl. No. 16,769-04. That application was denied by the Texas Court of Criminal Appeals without written order on August 27, 1997. <u>Ex parte Martin</u>, Appl. No. 16,769-04 at cover.

3

1. The allegation of a prior conviction used for enhancement purposes was void because it alleged the wrong date of conviction;

2. The trial court pronounced incorrectly Martin's sentence;

3. The prosecutor incorrectly stated that entry into the houses was made through the back of the houses whereas entry into one of the houses was through a side window;

4. The prior conviction used for enhancement purposes is void because the stipulation and judicial confession allege the ownership of property incorrectly; and

5. The State judge, prosecutor, and clerk conspired to deny Martin's habeas corpus application.

See C-87-101, DE #20.[4] The Court denied his petition as well as his request for a certificate of probable cause. See C-87-101, DE #22, #25.

In his second federal petition, C-99-44, Martin raised the following grounds for relief:

1. The trial court erred because it (a) failed to instruct the jury on a lesser included offense, (b) allowed a witness without personal knowledge of the burglary to testify, (c) improperly admitted evidence that did not connect Martin with the charged offenses, and (d) relied on an indictment, rather than a final conviction, in order to enhance his sentence;

2. There was insufficient evidence to support his conviction; and

3. His trial counsel was ineffective because he (a) failed to make an independent investigation or prepare, (b) failed to consult with Martin about the burglary offenses, (c) did not file or make any objections to the indictment that erroneously referenced the probation date for his enhancement conviction, (d) failed to investigate

---

[4] A copy of the magistrate judge's recommendation in C-87-101 is filed in this action at DE #11.

4

>   the crime scene or to locate witnesses for the defense, (e) failed to review the prosecuting attorney's file; (f) failed to make objections during the trial or at sentencing, (g) allowed Martin to take the stand while on a heavy dosage of a psychotic drug.

See C-99-40, DE #1.

In reviewing Martin's second federal petition, the magistrate judge found that Martin was attempting to raise new claims that could have been brought in his first federal petition and as such, that Martin must obtain certification from the Fifth Circuit before raising his claims in district court. See C-99-40, DE #16. By Order entered August 6, 1999, the Court dismissed Martin's petition without prejudice to allow him to seek certification from the Fifth Circuit to file a successive petition. See C-99-40, DE #19. On August 17, 1999, the Fifth Circuit denied Martin's request to file a successive petition to raise these claims. See C-99-40, DE #21 (copy of Martin v. Johnson, No. 99-40821 (5th Cir. 1999)).

### III. PETITIONER'S ALLEGATIONS

In the instant federal petition, Martin challenges his convictions for burglary a habitation on the grounds of ineffective assistance of trial and appellate counsel. Specifically, he claims that his trial counsel was ineffective because he: (a) failed to complete an independent investigation; (b) failed to prepare properly for trial; (c) failed to consult with Martin about the offenses; (d) failed to file a motion to dismiss the indictment; (e) failed to acquire witnesses favorable to the defense; (f)

5

failed to make objections during the trial or at sentencing and (g) allowed Martin to testify while he was on a large dosage of psychiatric medications. FP[5] at 5. Martin also claims that his appellate counsel was ineffective because he failed to perfect a petition for discretionary review or to file a state application for habeas corpus relief as promised. FP at 5.

## IV. DISCUSSION

### A. Successive petitions after AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, amended both the procedure and the standard of review to be employed in federal challenges to state convictions. AEDPA applies to Martin's current petition, which was filed after the date of its passage. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997); Williams v. Cain, 125 F.3d 269, 274 (5th Cir. 1997).

AEDPA imposes severe restrictions on the consideration of second or successive petitions. See generally, 17A Charles Alan Wright et al., Federal Practice and Procedure § 4267 (West Supp. 2000); 28 U.S.C. § 2244(b). If a claim was previously presented in an earlier federal application, and the petitioner now tries to present the claim in a second or successive petition, the claim must be dismissed. Wright et al., supra; 28 U.S.C. § 2244(b)(1).

---

[5] "FP" refers to Martin's federal petition, DE #1.

6

If the claim is not one that was previously presented to the federal courts, that is, if it is a "new" claim, the claim must be dismissed unless the petitioner can show one of the following: (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. Wright et al., *supra*; 28 U.S.C. § 2244(b)(2)(A) and (B).

A petitioner raising a new claim must also overcome a procedural barrier: before filing a second or successive application that would satisfy either subsection (A) or (B) of §2244(b)(2), the petitioner must move in the court of appeals for an order authorizing the district court to consider the application. Wright et al., *supra*; 28 U.S.C. § 2244(b)(3)(A). A three judge panel of the court of appeals will then determine if the petitioner can make of *prima facie* showing that his application satisfies either of the exceptions under § 2244(b)(2). 28 U.S.C. § 2244(b)(3)(C).

7

### B. Analysis of Martin's instant petition.

#### 1. *Ineffective assistance of trial counsel.*

As noted above, Martin raised the same ineffective assistance of trial counsel claim in his second federal petition as raised herein, arguing that his counsel was ineffective based on the same seven errors. The claim was dismissed without prejudice. The Fifth Circuit ruled unequivocally that Martin could not present this claim in another federal petition, yet Martin has attempted in the instant petition to do just that. This successive petition cannot be considered, and it is recommended that this claim be dismissed with prejudice.[6] 28 U.S.C. § 2244(b)(1).

#### 2. *Ineffective assistance of appellate counsel.*

In contrast, Martin's second claim, ineffective assistance of appellate counsel, has not been raised in a prior federal petition. It is a "new" claim within the meaning of 28 U.S.C. § 2244(b)(3)(A). Because this claim is raised in a successive petition, however, Martin must first move in the Fifth Circuit for an order authorizing the district court to consider this claim. 28 U.S.C. § 2244(b)(3)(A). Martin has not done this, and accordingly, it is recommended that his "new" claim be dismissed without prejudice so that Martin can seek permission from the Fifth Circuit to pursue this claim on the merits in district court.

---

[6]Respondent argues that the claim is successive, but moves for dismissal to require Martin to obtain permission from the Fifth Circuit to pursue it. Because the Fifth Circuit has already denied Martin leave to pursue the claim, dismissal without prejudice is not warranted.

## C. Martin's summary judgment response.

In his response in opposition to respondent motion for summary judgment, Martin cites to <u>Villegas v. Johnson</u>, 184 F.3d 467 (5th Cir. 1999) for the position that a properly filed state habeas corpus application will toll AEDPA's limitations. DE #10 at 1-2. This argument is inapplicable to any issue raised in respondent's motion for summary judgment. Martin also challenges the dismissal of two of his state applications for abuse of the writ. DE #10 at 3. Again, his argument has no relevance to the issue before the Court. Similarly, his complaint that two of his state court applications were not considered by the Texas Court of Criminal Appeals does not assist Martin in the presentment of his claims in this federal petition. Martin's response is without merit.

## V. RECOMMENDATION

Martin has been denied leave by the Fifth Circuit to raise his ineffective assistance of trial counsel claim, and as such, the claim may not be maintained in a successive petition. Accordingly, it is recommended that the Court dismiss his ineffective assistance of trial counsel claim with prejudice. 28 U.S.C. § 2244(b)(1). Martin's claim of ineffective assistance of appellate counsel has not been raised in a prior federal application and as such it is a "new" claim; however because it is presented in a successive petition, Martin must obtain permission from the Fifth Circuit to pursue it. 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is

9

recommended that as to Martin ineffective assistance of appellate counsel claim, respondent's motion for summary judgment be granted and this claim dismissed without prejudice.

Respectfully submitted this _15_ day of May, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

10

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).