United States District Court
Southern District of Texas
ENTERED

AUG 2 5 2000

Michael N. Milby, Clerk of Court

20.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRUCE MARTIN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-53 |
| | § | |
| GARY JOHNSON | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Came on to be considered Petitioner Bruce Martin's Motion for Certificate of Appealability. For the reasons stated herein, the Court DENIES Petitioner's Motion for Certificate of Appealability.

On June 26, 2000, the Court entered an Order Adopting the Memorandum and Recommendation of the Magistrate Judge (D.E. 17) and Final Judgment of Dismissal (D.E. 18). Thereafter, on July 31, 2000, Petitioner filed his Notice of Appeal (D.E. 19), which the court construes as a Motion for Certificate of Appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), went into effect on April 24, 1996. The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a habeas proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A COA, however, "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fifth Circuit has stated that a COA may be granted whenever reasonable jurists could differ as to whether

there has been a "denial of a constitutional right." United States v. Ruben Rocha, 109 F.3d 225, 227 n.2 (5th Cir. 1997); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996), cert. denied, 520 U.S. 1107, 117 S. Ct. 1114, 137 L.Ed.2d 315 (1997).

For the reasons stated in the Memorandum and Recommendation and this Court's Order Adopting Memorandum and Recommendation and Final Judgment, and after consideration of the record in the case, the Court finds that Petitioner has not made a substantial showing that he has been denied a constitutional right. Consequently, the Court finds that he is not entitled to a COA. Nonetheless, the Court advises Petitioner that he may request the issuance of a COA from a circuit court of appeals judge. "If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge." Fed.R.App.P. 22(b). If Petitioner does not expressly make such a request for a COA, "the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Id.

For the above reasons, the Court hereby DENIES Petitioner's Motion for Certificate of Appealability.

ENTERED on this the 24th day of August, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2