IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-40881
USDC No. C-00-CV-53

---

U.S. COURT OF APPEALS
FILED
DEC 1 2 2000
CHARLES R. FULBRUGE III
CLERK

BRUCE MARTIN,

         Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

         Respondent-Appellee.

United States District Court
Southern District of Texas
FILED
DEC 15 2000
MICHAEL N. MILBY CLERK

---

Appeal from the United States District Court
for the Southern District of Texas

---

O R D E R:

  Bruce Martin, Texas inmate #399023, moves for a certificate of appealability (COA). When the district court denies relief on a procedural ground without addressing the constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1601 (2000). The court may consider either prong first. See id.

  Martin contends that his habeas application was not successive because his second federal application was erroneously dismissed as successive. He also argues that one of his state habeas petitions was erroneously dismissed as an abuse of the

O R D E R
No. 00-40881
- 2 -

writ, and that this erroneous state dismissal somehow influenced the purportedly improper dismissal in federal court.

The state habeas proceedings are not relevant in this case. Martin must obtain authorization from this court in order to file a second or successive habeas application in the district court. See 28 U.S.C. § 2244(b)(3)(A). An application "is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Review of the record discloses that Martin's habeas application filed in the district court and which challenged his burglary convictions was a successive application. "[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Martin has not obtained this court's permission to file a successive application.

Martin fails to demonstrate that jurists of reason would view as debatable the district court's dismissal of the successive petition pursuant to 28 U.S.C. § 2244(b). See Slack, 120 S. Ct. at 1601. Accordingly, IT IS ORDERED that COA is DENIED.

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana   12/13/00

ROBERT M. PARKER
UNITED STATES CIRCUIT JUDGE